UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SCOTT HESS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-480 |
| | § | |
| FONG, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER OF TRANSFER**

Plaintiff Scott Hess is a Texas state prisoner, currently confined at the Michael Unit in Tennessee Colony, Texas. He is suing Mr. Fong, a Physician's Assistant employed by the University of Texas Medical Branch, Correctional Managed (UTMB-CMC), alleging that Mr. Fong was deliberately indifferent to his serious medical needs when he changed his antipsychotic medication. (D.E. 1). For the reasons stated herein, this case is transferred to the Galveston Division of the Southern District of Texas.

**I.    BACKGROUND FACTS AND PROCEEDINGS.**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). On October 10, 2012, Plaintiff was convicted of two counts of indecency with child exposure and sentenced to two concurrent ten-year sentences in Criminal Case No. 2012-DCR-1617-C, Cameron County, Texas.

On December 8, 2014, Plaintiff filed his original complaint. (D.E. 1). Plaintiff claims that, while at the Garza West Unit in Beeville, Texas, he was treated by Mr. Fong

via a tele-med appointment in the summer of 2013.  Mr. Fong was in Galveston, Texas, while conducting the appointment via video.  Following the appointment, Mr. Fong discontinued the antipsychotic medication that Plaintiff had been taking since 1982, and replaced it with a mild antidepressant.  Plaintiff alleges that this change in medication caused him much needless physical and mental suffering, and that on December 12, 2013, he was transferred to the Jester IV Mental Health Unit, where he remained until February 1, 2014, due to the change in his medication.

Plaintiff charges that Mr. Fong's actions amount to deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  He is seeking compensatory damages for his "misery and suffering."

## II.   DISCUSSION.

The district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Venue in federal question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).

A district court has the authority to transfer a case in the interest of justice to another district or division in which the action might have been brought.  28 U.S.C. §§ 1404, 1406; *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

In this action, the alleged events giving rise to Plaintiff's claims occurred in two places simultaneously: Plaintiff was in Beeville while Mr. Fong was in Galveston.  However, to the extent Plaintiff claims that Mr. Fong violated his constitutional rights, Mr. Fong was practicing medicine in Galveston and the decision to change Plaintiff's

medication was made in that location. In addition, Mr. Fong, the only defendant in this lawsuit, resides in Galveston. Moreover, Plaintiff is no longer at the Garza Unit, but is at the Michael Unit in Beaumont, Texas, which is located in Anderson County, and the Eastern District of Texas. Thus, it is in the interests of justice to transfer this case to the venue in which the action arose and where the single defendant resides.

Galveston is located in Galveston County, of the Southern District of Texas. 28 U.S.C. § 124(b)(1). Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Southern District of Texas, Galveston Division.

ORDERED this 21st day of January, 2015.

_____
Jason B. Libby
United States Magistrate Judge